JONES v. HILL.

JONES v. SEABORN.

Opinion delivered December 21, 1901.

1.  MARRIED WOMEN—CONVEYANCE.—Under the constitution of 1874, if a married woman join with her husband in the granting clause of a deed conveying her separate real estate, and also relinquish her dower therein, the deed will convey the fee. (Page 37.)

2.  SAME—APPARENT OWNERSHIP OF HUSBAND—INNOCENT PURCHASER.— A conveyance by a husband of his wife's land of which he holds the record title will pass the fee to an innocent purchaser for a valuable consideration. (Page 38.)

Appeal from White Chancery Court.

THOMAS B. MARTIN, Chancellor.

Affirmed.

W. T. Tucker, for appellants.

Removal to Arkansas did not divest a *femme sole* of her separate property. 28 Ark. 351. Her husband could acquire no title by taking deed to himself. 35 Ark. 84; 58 Ark. 20. The deed from J. W. to Nancy Jones is valid in equity. 62 Ark. 26; Sand. & H. Dig., § 4945; 20 S. W. Rep. 808; 47 Ark. 301. And against all persons except creditors of the grantor. 52 Ark. 171. The defendants cannot avoid the conveyance by showing a fraud upon some creditor. 52 Ark. 171. The presumption was that the husband acted as her agent. Sand. & H. Dig., § 4958. One who is

not a creditor cannot set aside a conveyance as fraudulent. 34 Ark. 291; 62 Ark. 26. Recording a deed is sufficient delivery. 25 Ark. 225. Acknowledgment was cured by legislation. Sand. & H. Dig., §§ 740-742; 59 Ark. 299; 44 Ark. 365. Parties to a deed can have no vested rights which grow out of a mistake of public officer. 1 Watts, 330. Silence or inactivity is not sufficient to constitute estoppel. 39 Ark. 131; 63 Ark. 289; 54 Ark. 499; 51 Ark. 61; 19 S. W., 264; 11 S. W., 67; 4 S. W., 427.

The statute of limitations does not begin to run against heirs of wife until the termination of the curtesy. 42 Ark. 357; 58 Ark. 510; 35 Ark. 84; 43 Ark. 427. *Lex loci rei sitae* applies 47 Ark. 254; 29 Ark. 418; 15 Ark. 465. The acknowledgment that she had signed the relinquishment of dower is insufficient. 60 Ark. 269; 53 Ark. 53; 33 Ark. 722. The deed is not made good by curative acts. 53 Ark. 53.

*J. W. House* and *M. House,* for appellees.

The deeds of J. W. and Nancy Jones are valid. 41 Ark. 431; 51 Ark. 419; 53 Ark. 107; 43 Ark. 28. Since the constitution of 1874 a married woman is bound by the terms of the deed, with or without acknowledgment. 35 Ark. 480; 36 Ark. 365; 43 Ark. 162; 47 Ark. 235; 41 Ark. 101; 53 Ark. 53; 1 Dev. Deeds, 465. The deed was not entitled to record, and the recording thereof was without authority. 25 Ark. 372; 9 Ark. 116; 35 Ark. 62; 15 Ark. 246; 20 Ark. 190; 44 Ark. 517; 37 Ark. 91; 35 Ark. 372. It was no notice to subsequent purchasers for value. 17 Ark. 217; 44 Ark. 85; 25 Ark. 152; 32 Ark. 458; 40 Ark. 540; 55 Ark. 544; 42 Ark. 140; 39 Ark. 434; 33 Ark. 607; 1 Dev. Deeds, 645-657; 54 Ark. 273; 28 Ark. 244; 56 Ark. 239; Sand. & H. Dig., § 728. There was no delivery of the deed. 24 Ark. 224; 6 Am. Dec. 146; 20 Pick. 28; 17 Mo. 391; 20 Wend. 44; 47 Mo. 232; 2 Salk. 299; 1 Dev. Deeds, §§ 261-4-7-8. Recording deed did not constitute a delivery. 25 Ark. 158. J. W. Jones could not convey the legal title, and hence there was no delivery. 31 Ark. 678; 49 Ark. 438; 52 Ark. 126; 56 Ark. 294; 60 Ark. 70; 62 Ark. 31. The statute began to run from the date of the conveyances. 21 Me. 379; 22 Am. St. 358; 44 Ark. 153; 165 Mass. 359; 61 Ill. 56. The description of the land conveyed no title. 48 Ark. 419; 60 Ark. 487; 34 Ark. 534; 41 Ark. 495; 50 Ark. 484.

BUNN, C. J. The evidence in these two cases is the same in all essential particulars, and they were heard together, and will be considered so here.

This suit was originally in ejectment, but on coming in of the answer and cross complaint the cause was transferred to the First chancery district, and heard before the Hon. Thomas B. Martin, chancellor, and decree was rendered for defendant, and plaintiffs appealed to this court. The facts are substantially as follows, to-wit: J. W. Jones, being the owner of the following lands situated in White county, Arkansas, namely: "seventy acres in the east half of northwest quarter, section 17, township 5 north, of range 8 west; and the north half of lot No. 2 in block 16, and lot 10 in block 3, in Hutt's survey of the town of Beebe; also the east half of southeast quarter and east half of southwest quarter of section 33, township 6 north, range 8 west, containing 100 acres, more or less"—sold and conveyed the same to his wife, Nancy J. Jones, for the expressed consideration of $28, on the 9th of April, 1875; and this deed was recorded April 10, 1875. In this deed is a clause explaining the consideration as follows: "The above conveyed land was purchased with the money belonging to Nancy J. Jones, obtained from the sale of stock and real estate sold in the state of Mississippi, which was owned by her previous to our marriage, and placed in my hands in trust to purchase real estate for her benefit and children by me." This deed was acknowledged before a justice of the peace, but his certificate was not in accordance with the provisions of the statute, the word "consideration" and all equivalent words being omitted. This deed is exhibited with the complaint, and is that upon which the claim of plaintiffs for title rests. Nancy J. Jones died in 1879.

The appellee, Robert Seaborn, claims title to fifty-eight acres of said lands by deed from Samuel B. Shipley, dated April 13, 1881, who held by deed from said J. W. Jones, dated September 2, 1886, who held by deed from J. W. House, as administrator of Samuel A. Taylor, dated August 31, 1886, and Samuel A. Taylor held by deed from said J. W. Jones and wife, Nancy J. Jones, dated December 29, 1876, and in this deed the said Nancy J. Jones united with her said husband in the conveyance or granting clause, and also relinquished her dower in due form. The appellee D. C. Harris claims two acres of said land by purchase of her co-appellee, Robert Seaborn; the appellee S. E. Humphries,

five acres of said land purchased from said Samuel B. Shipley by deed dated June 1, 1888. Appellee Martha Boss claims by deed from H. B. Strange dated December 2, 1876, lot 3 (one acre) off of west half northwest quarter section 17, township 5 north. range 8 west, and lot 4 (one acre) in Jones' addition to Beebe (this being no part of the land conveyed by J. W. Jones to his wife as aforesaid). Strange held by deed from Edward Mahoney, dated March 20, 1874, and Mahoney by deed from J. W. Jones and wife, Nancy J. Jones, dated October 14, 1873, before the date of the deed from J. W. Jones to his wife. Appellee Humphries claims five acres of said land by deed from Samuel B. Shipley, dated June 1, 1888. Appellee Henry Folsom claims title to lot 2 in Jones' addition to the town of Beebe, a part of said lands by deed from said J. W. Jones and Nancy J. Jones, his wife, to Mary E. Bowles, dated July 24, 1874, by deed from Mary E. Blair (nee Bowles) to J. M. Gowdy, dated November 1, 1884; by deed from J. M. Gowdy to A. J. Smith, dated October 3, 1885; by deed from A. J. Smith to T. J. Camp, dated January 5, 1888, and by deed from T J. Camp to himself, dated April 20, 1889. These are the defendants and appellees in case No. 4501.

These cases, Nos. 4500 and 4501, resting on substantially the same essential facts, are heard together here.

It appears that in all the aforesaid deeds made by J. W. Jones and Nancy J. Jones, his wife, both before and after his deed to his said wife (April 9, 1875), the wife joined in the granting clause, and also relinquished her dower. The rule laid down in this court in *Bryan* v. *Wilburn,* 43 Ark. 28, and still adhered to, is, as expressed in the syllabus, the following: "Since the adoption of the constitution of 1874 (October 30, 1874) a married woman can convey her separate property the same as if she were single; and where she joins her husband in a deed of her land, and also relinquishes dower, the deed will convey the fee, though she acknowledges only the relinquishment."

The case at bar comes under this rule, especially as to all the parcels of land conveyed by J. W. Jones and his wife, Nancy Jones, after the date of the adoption of the present constitution, and as to these lands Mrs. Nancy J. Jones conveyed all the title she had, and so conveyed the fee. Whether the conveyance of the one or two small parcels made before the adoption of the constitution come under the rule it is not necessary to determine here,

since up to April 9, 1875, all these lands appeared on the records, and also appear from the evidence as having been always considered the property of J. W. Jones, and the parties appear to have bought with that understanding. His deeds carried the title to innocent purchasers at least. From the evidence no one appears to have ever known or heard that Mrs. Nancy J. Jones ever at any time laid claim to any of this property.

The land claimed by Hill, Fontaine & Co., appellees in case No. 4500, appears to be lot 10, block 3, in Hutt's survey of the town of Beebe. The land was purchased from J. W. Jones and his wife, Nancy J. Jones, by J. M. Battle about January 1, 1878. The deed is not exhibited. Battle testifies that he took possession under his deed about that time. The deed, according to Battle's testimony, was made by J. W. Jones and his wife, Nancy J. Jones. He says he had heard Jones say before that that he was going to put his property in his wife's name, he being in financial troubles at the time; but understood from Jones when he bought that he had made and then, before delivery, destroyed the deed he intended for his wife. The property conveyed in this deed to Battle is that involved in case No. 4500. Battle, who was well acquainted with Jones and his family, never heard of any claim to any of the property by Mrs. Jones, while she lived. Moreover, there does not appear to be any contention as to Battle's title. He occupied the property he bought about five years, and then sold to Naylor, who put improvements on the property, as all must have known, and mortgaged it to Hill, Fontaine & Co., who foreclosed the same, and became the owners of it by purchase at foreclosure sale.

The findings of the chancellor are not set out in the record of either case, but, assuming that his findings were in fact the same in both cases, for the facts in evidence appear to be the same substantially, his decree dismissing the complaint and cross complaint in each case is in all things affirmed.