### Gage v. Inman.

4-2892

Opinion delivered April 3, 1933.

150

*Lee G. King,* for appellant.

*G. C. Carter* and *J. P. Clayton,* for appellee.

KIRBY, J., (after stating the facts). It is insisted that the court erred in denying the appellants' prayer for reformation of the mortgage, and also in rendering personal judgment against appellant, Mrs. Florence Gage, there being no testimony showing execution of the note secured by the mortgage by her, and she having denied its execution and any indebtedness whatever to appellees.

Mrs. Gage testified that she had made no agreement with any one to mortgage her South Ozark property, and had no intention of mortgaging same, and did not know at the time she signed the mortgage that her property was included therein. That, if she had known it, she would not have signed same, and that her purpose and intention in signing the mortgage was to relinquish, subject to the conditions of the mortgage, her right of homestead and dower in and to her husband's Webb City real estate. That she did not sign the note made by her husband and Mr. Inman and Mr. Harris to Mr. Volentine.

The scrivener, who prepared the mortgage upon the request of one of Mr. Inman's boys and wrote into the mortgage the description of the town lots as furnished him by appellee's son, stated that he presented the mortgage to each of appellants, and each appeared to understand what the purpose was, and that each signed it apparently without reading it.

Harris, one of the appellees, stated that it was his understanding that the agreement was that the appellees were to have a mortgage on Ed Gage's Webb City property and nothing more.

Gage testified that his agreement with appellees was that he was to mortgage his Webb City real estate, and nothing else. That, when he signed the mortgage that

was presented to him by Mr. Law, he did not know that other property than his Webb City property was described therein; that he signed the mortgage without reading it, and did not furnish the numbers of his property or its description to Mr. Law at all.

The testimony was clear, unequivocal and decisive that there was no agreement between the appellees and the appellants that Mrs. Gage's separate property should be mortgaged, and no intention on their part to execute a mortgage thereon. It likewise showed that Mrs. Gage had not executed the note for securing the payment of which the mortgage was given. The court erred in holding otherwise and in not reforming the mortgage and excluding from its provisions lots 7, 8, 9, 18, 19 in block 1, South Ozark, in the reformation thereof.

In addition to the testimony of witnesses already set out, the mortgage itself does not purport to have been executed by Mrs. Gage with any intention to bind herself except in releasing dower and homestead to her husband's property conveyed therein. The granting clause of the mortgage, which was exhibited with the complaint, reads:

"KNOW ALL MEN BY THESE PRESENTS:

"That Ed Gage, for and in consideration of the sum of one dollars ($1) to us in hand paid, and the premises hereinafter set forth, do hereby grant, bargain, and sell unto John T. Harris & John Inman, and unto their heirs and assigns forever, the following property, situated in Franklin County, Arkansas:

"Lots (2, 3, 6) 7, 8, 9, 18, 19, block one in South Ozark, and lots 4 & 24, west side or west half (½), lot 5 in block one. Also lots 7, 8, 9, 10, 11, 12, 13, in block one in Webb City, Ark."

The warranty clause reads:

"I hereby covenant with the said John T. Harris & John Inman that I will forever warrant and defend the title to the said property against all lawful claims."

The relinquishment of dower and homestead clause reads:

"And I, Florence Gage, wife of the said Ed Gage, for the consideration aforesaid do hereby release unto the said John T. Harris & John Inman all my right of dower and homestead in and to the said lands."

The sale was on condition that said Ed Gage was indebted to the said Inman and Harris, etc., and the clause reads in part:

"Now, if I shall pay said moneys at the times and in the manner aforesaid, then the above conveyance shall be null and void." After authorizing the sale of the property, etc., the mortgage concludes:

"And the proceeds of said sale shall be applied, first, to the payment of all costs and expenses attending said sale; second, to the payment of said debt and interest, and the remainder, if any shall be paid to the said grantor."

In the last clause it was said: "We hereby waive any and all rights of appraisement or redemption, etc.," and the instrument was signed by C. E. Gage and Florence Gage. The acknowledgment shows only Ed Gage as grantor in the first section thereof; and the voluntary appearance of Florence Gage, his wife, who certified that she, in the absence of her husband and of her own free will, "executed the foregoing deed and signed and sealed the relinquishment of dower and homestead therein expressed, for the consideration and purposes therein contained and set forth, without compulsion or undue influence of her said husband."

The mortgage itself does not purport to be and was not a conveyance by Florence Gage of her property or any other property, except the relinquishment of dower and homestead, etc., by her in accordance with its terms. Her name was not included in the granting clause, nor any other clause of the instrument that would show any intention to mortgage the property, except for security of the payment of the debt of C. E. Gage, none of which she owed or had agreed to pay according to the terms of the note, which was not executed by her. In the construction of deeds, the first clause thereof controls and under our numerous decisions, the wife not having joined

in the granting clause thereof, it is held that her relinquishment of dower and homestead would not have effect to convey the fee. *Jones* v. *Hill*, 70 Ark. 34, 66 S. W. 194.

She could, of course, have mortgaged her separate property to secure her husband's debt, but she did not do so in the execution of this instrument, the only effect of which was to relinquish her right to dower and homestead in his lands according to the recitals and provisions of the mortgage.

The court also erred in rendering a personal judgment against the wife. She denied in her answer that she had executed the note, denied any indebtedness whatever to appellees, and there was no proof contradicting her statements or tending to show that she had executed the note or was in any way obligated to its payment; and the court's finding otherwise was certainly contrary to the great preponderance, if not all, of the testimony.

The decree must therefore be reversed, and the cause remanded with directions to reform the mortgage by excluding therefrom the separate property of the wife; and judgment of foreclosure should be rendered only against the husband's property as shown therein for payment of the judgment against him for liability upon the note upon which appellees were indorsers and for security of which the mortgage was executed. No personal judgment should have been rendered against the wife, she being entitled to a reformation of the mortgage to exclude her property therefrom, and she should have judgment for her costs herein expended. It is so ordered.