## BRYAN ET AL V. WINBURN ET AL.

1. EQUITY JURISDICTION : *To remove cloud from title,*
   Unless the plaintiff's title is a mere equitable one, incapable of ef-

Bryan et al v. Winburn et al.

fectual assertion at law, possession is necessary to give a court of chancery jurisdiction to remove a cloud upon it.

2.  LANDLORD AND TENANT : *Tenant disclaiming possession.*
   A tenant in possession cannot disclaim his landlord's title without surrendering possession to him.  He cannot collude with and attorn to another to the prejudice of his landlord.

3.  MARRIED WOMAN : *Deed*: *Acknowledgment.*
   Since the adoption of the constitution of 1874 a married woman can convey her separate property the same as if she were single; and where she joins her husband in a deed of her land, and also relinquishes dower, the deed will convey the fee, though she acknowledges only the relinquishment.

APPEAL from *Nevada* Circuit Court in chancery.
Hon. C. E. MITCHELL, Circuit Judge.

*Montgomery & Hardy* for appellants.

A party asking equitable relief in removing cloud from title, must be in actual possession of land, or they must be wild or unoccupied, or not in the actual possession of another : otherwise the remedy is complete at law.   27 *Ark.*, 233; 24 *Id.* 431 ; 29 *Id.* 612.   The evidence clearly shows that appellees were not in possession at the commencement of the suit.

The deed, and certificate of acknowledgement, from Bell and wife to Georgia E. Winburn, are defective, and appellee acquired no title.   32 *Ark,,* 453; 33 *Id.* 432.

Plaintiffs were guilty of laches in not recording their deeds, until long after the deed to Bryan and Warren was recorded, and in not asserting their claim, until Bryan et al had taken possession under their purchase, and had the tract surveyed into lots and blocks.

*Smoote & McRea* for appellees.

1.   Even if the deed from the Bells was insufficient to carry a good legal title, it invested Mrs. Winburn with

an equitable title, good in chancery against purchasers with notice of her equities. 29 *Ark.*, 548; 30 *Id.* 110. The deed having been executed since the adoption of the present constitution, was good without any private examination, or any acknowledgement at all, against subsequent purchasers with notice, especially as appellants do not claim through Mrs. Bell. Inserting a relinquishment of dower was a mere mistake of the scrivener who drew it. 36 *Ark.*, 335; 4 *Mass.*, 63; 3 *Pick*, 149; 6 *Wendell* 213; 3 *Vt.*, 420.

2. The evidence abundantly proves the deed from the Bells to appellee. But if it did not, the answer fails to deny it except in an indirect, evasive and equivocal way. 33 *Ark.*, p. 222–227.

3. Appellants purchased, if not with actual, at least with implied or constructive notice, which in law and good conscience is sufficient. 16 *Ark.*, 340; 27 *Id.* 6–27; 30 *Id.* 250; 29 *Ill.* 80; 15 *N. Y.* 354; 10 *Watts* 67; 6 *Wendell*, 213. Notice to Warren was notice to Mrs. Bryan. Their relationship was much closer than tenants in common. 18 *Pa. St.* 157; 14 *Ark.*, 69. She was also affected by notice to her agent Thos. J. Bryan, who transacted the whole matter on her part. 29 *Ark.*, 99; 3 *Penn.*, 67; 1 *Hall*, 480; 15 *N. Y.*, 637; 4 *Mass.*, 637; 64 *N. Y.*, 159; 2 *Hill* 451.

It is conceded that Johnson had notice. 13 *Peck*, 460. Actual possession is notice.

4. The weight of evidence proves that appellees were in possession, but this case does not depend upon the clearing away a cloud, to give jurisdiction. There is the question as to the lost deed, and the equitable title under the Bells to be passed upon. 37 *Ark.*, 643–169–187.

Bryan et al v. Winburn et al.

SMITH, J. This was a bill to remove a cloud upon Mrs. Winburn's title to a lot in the town of Prescott and to quiet her possession. The tract of forty acres, of which the lot once formed a part, originally belonged to John J. Thomas. He sold and conveyed it in May, 1876 to John D. Anderson upon a credit. Anderson caused it to be laid off into blocks and lots as an addition to the town. In December, 1876, Anderson sold off some of the lots by public auction. The defendant, E. A. Warren, was Anderson's agent in conducting the auction sale. The lot in controversy was bid off by one Bell and the purchase money paid to Warren, who by Anderson's direction paid it to Thomas, the original vendor, or gave Thomas his note for the amount. Anderson made a deed to Bell's wife, and in this deed Thomas appears either to have joined, or to have endorsed upon it a relinquishment of all right to go upon the lot for the balance of purchase-money due him. This deed was never recorded and has since been lost. On the 9th of March, 1877, Bell and his wife conveyed to Mrs. Winburn. Mrs. Bell joins in the granting clause of the deed, which contained likewise a renunciation of dower on her part. And in the acknowledgement appended to the deed, the notary certifies only to the relinquishment of dower by Mrs. Bell.

This is the plaintiff's title. The defendant's claim arose thus: On the 27th of March, 1877, Anderson, being unable to pay for the forty acres of land, reconveyed it to Thomas without any reservation or exception of this lot. And on the same day Thomas sold and conveyed it to E. A. Warren and Mrs. Bryan; the latter acting through her husband, who had actual notice of the plaintiff's title. Warren, as we have seen, was fully acquainted with her rights in the premises; and he, in fact, afterwards signed a memorandum that it was only by

neglect this lot wâs not excepted in the conveyance made by Thomas to himself and Mrs. Bryan.

The Circuit Court found the facts to be substantially as above stated and decreed for the plaintiffs.

**1. Equity Jurisdiction: To Remove cloud from title.**   It is contended that the plaintiffs were not in possession when the bill was filed. Unless the plaintiff's title be merely an equitable one, incapable of effectual assertion at law, possession is necessary to give a court of chancery jurisdiction in a suit of this character. *Lawrence v. Zimpleton,* 37 *Ark.,* 643 *and cases cited.*

**2. Landlord and Tenant: Tenant can not disclaim landlord's possession.**   The evidence on this point is that, shortly after the deed was made to them by the Bells, the plaintiffs took possession of the lot, built a house upon it and occupied it as a residence until they removed to the state of Texas; that they then leased it to a tenant, who remained in possession fourteen months and until he was informed by the plaintiffs' agent that they had sold it. The house-keys were delivered to this proposed purchaser, who put a schoolmistress in as his tenant. But from apprehended difficulty in the title, this party declined to consummate his purchase. And when possession was demanded of the school-mistress, she stated that she had no other place to go to and was allowed to remain. Afterwards, as it appears, she colluded with the defendants and agreed to hold under them.

We think the plaintiffs had sufficient possession to maintain this suit. The possession of the school-mistress was their possession. A tenant in possession cannot disclaim his landlord's title, without surrendering possession to him. *Clemm v. Wilcox,* 15 *Ark.,* 102; *Miller v. Long,* 99 *Mass.,* 13.

**3 Married Woman: Deed: Acknowledgement.**   It is further contended that the deed from the Bells and the certificate of acknowledgement, not being in the form prescribed for the conveyances of the wife's estate,

are so defective as not to vest title in Mrs. Winburn, according to the doctrine of *Little v. Dodge*, 32 *Ark.*, 453 and *Wentworth v. Clark*, 33 *Id.*, 432. Perhaps this objection has no great force coming from the appellants, who do not claim through the Bells and who purchased with notice of Mrs. Winburn's rights in the premises, whatever they were. But the deed was executed since the adoption of the constitution of 1874, which enables a married woman to convey her separate property the same as if she were single. Mrs. Bell did join in the operative words of grant, as well as relinquish dower, which last estate, of course, she had not in her own lands. And although her acknowledgment is defective, yet as between her and her grantee, the deed might be good without acknowledgement, or vest an equitable title. *Stirman v. Cravens*, 29 *Ark.*, 548; *Jackson v. Allen*, 30 *Id.*, 110; *Roberts and wife v. Wilcoxon & Rose*, 36 *Id.*, 355; *Donahoe v. Mills*, 41 *Id.*, 421.

Affirmed.