## KELSO v. ROBERTSON.

EJECTMENT: *To recover lands sold for taxes: Tender of taxes, etc.*

Sec. 2649, Mansf. Dig., which provides that an action to recover lands held by virtue of a tax title, shall not be maintained unless the plaintiff shall, before any writ issues therein, file in the clerk's office an affidavit setting forth that he has tendered to the person so holding such lands, the taxes, costs, etc., applies only to such sales for taxes as are invalid because of irregularities or omissions on the part of the officers conducting them, and has no application where a sale is absolutely void for want of power to make it. The payment of a tax extinguishes the authority to make a sale for its collection, and where land is sold for taxes which have been paid, an action to recover it may be commenced without filing the affidavit of tender provided for by the statute.

APPEAL from *Columbia* Circuit Court.

CHAS. W. SMITH, Judge.

*Smoote, McRae & Arnold*, for appellant.

We refer the court to our abstract and brief in this case at large and here again state the points and authorities:

A tax deed for the taxes of any year which have been paid by the owner is fraudulent and void. *Shell v. Martin*, 19 Ark., 139; *Wallace v. Brown*, 22 Ark., 118; *Kinsworthy v. Austin*, 23 Ark., 375; *Davis v. Hare*, 32 Ark., 386; *Hickman v. Kempner*, 35 Ark., 505.

Where the sale is thus fundamentally void no affidavit is required by the statute. For there can be no sale for the non-payment of taxes where there are no taxes due. Mansf. Dig., sec. 2649. This section with reference to the affidavit came up for consideration in *Douglass v. Flynn*, 43 Ark., 398, and the conclusion there reached was that, in such cases the affidavit is unnecessary. And as the conceded facts in this case in its present aspect show that the taxes have been paid for 1882 and that the commissioner's deed was based on the non-payment of taxes for that year there was no necessity for the affidavit in this case, and the demurrer to the motion to dismiss should have been sustained.

*H. P. Smead* and *H. G. Bunn*, for appellee.

The affidavit required by sec. 2649, Mansf. Dig., was not made and the court properly dismissed the action.

HEMMINGWAY, J.

Kelso, the appellant, brought ejectment against Robertson, the appellee, in the Columbia circuit court, to recover a tract of land. It is alleged in the complaint that Kelso purchased the land, took deed, entered into possession and held it for more than seven years before the possession of defendant

began; that the defendant entered upon the land under a tax deed, it having been forfeited to the State for the non-payment of taxes for the year 1882; that plaintiff had paid the taxes of 1882 before the forfeiture. It is further alleged, that in a proceeding against the land under the over-due tax law, in the Columbia circuit court, it was at the October term 1882, decreed that no taxes were due on said land. The defendant filed a motion to dismiss the complaint for the reason that, "the land sued for by plaintiff was held by the defendant by virtue of a deed from the commissioner of state lands, the same having been forfeited to the State for the non-payment of taxes for the year 1882;" and that the plaintiff had failed to file an affidavit of tender in the office of the circuit clerk before filing his complaint, as prescribed in sec. 2649, Mansf. Dig. The motion to dismiss did not deny the allegation in the complaint, that the plaintiff had paid the taxes for which the land was forfeited, before the forfeiture. We must take it therefore as admitted. The allegations of the motion to dismiss were admitted, and the motion was sustained. The court rendered judgment dismissing the complaint, from which the plaintiff prosecutes this appeal. We do not deem it necessary to consider upon this appeal, the effect of the decree of the Columbia circuit court in the over-due tax proceeding; we have considered the single question, was the plaintiff required to file the affidavit of tender, provided for in the statute referred to, before filing his complaint? In the case of *Wallace v. Brown*, 22 Ark., 118, Mr. Chief Justice English, delivering the opinion of the court, said: "The delinquency of the owner to pay the taxes is the essential fact upon which the power of sale rests." In the case of *Hunt v. Curry*, 37 Ark., 100, he said: "If it had been shown that the proprietor of the lands had paid the

*Margin note:* EJECTMENT: To recover land sold for taxes.

Kelso v. Robertson.

taxes, or that they were not subject to taxation, appellee would have had no personal claim upon him, or lien upon the lands for the taxes, penalties and costs paid by him." In the case of *Douglass v. Flynn*, 43 Ark., 398, Judge Eakin said, discussing the statute under consideration, that "it was not intended to repel from the assertion of their just rights, persons who had never been under any obligations to pay the taxes for which the lands were sold, and had committed no default in failing to do so; that it had no application where the State has no power in itself, nor its officers by any warrant of law to collect any taxes on the land, and where the sale is absolutely void on that account, and not for irregular-

*Tender of taxes, etc.* ities only." This court has repeatedly held, in actions brought to recover lands sold for taxes, where the sales were invalid because of some irregularities or omission on the part of the officers conducting them, that the affidavit of tender must be made out and filed; but it has never held this to be necessary in an action to recover lands held under a forfeiture for taxes, that had been paid before forfeiture. This question is not directly involved in either of the cases cited, for the facts are different; but their reasoning is all against such a contention. Judge Cooley discussing this line of legislation sanctions it, to the extent that it is carried under the previous decisions of this court; but he says, "the legislature can have no more authority to compel the land owner to pay a lawless exaction to a third party, than it has to compel a like payment to the State directly. The one as much as the other would be robbery. If the land owner performs all his duty to the State, nothing which the tax officer can do without his consent, and in the direction of depriving him of his freehold, can raise against him an equity requiring him to do more." Cooley on Taxation, 553. These views meet our

approval.   It may be a hardship upon the purchaser at such a sale to lose the lands and the purchase money also; but the legislature might as well call upon any other citizen as the land owner to relieve him of the hardship.   When the appellant paid the taxes he discharged his entire duty in the premises.   His liability, the claims of the State and the authority of its officers to sell were extinguished.   The State's charge upon the land was satisfied, and the warrant to it's collector annulled.   It could confer no greater right than it had.   The proceeding thereafter was a nullity.   The appellee was not entitled to demand from appellant, "the amount of taxes and cost first paid for said land;" if not, the plaintiff was under no obligation to tender it, and therefore under no obligation to file the affidavit.   The judgment will be reversed and the cause remanded with instructions to the circuit court to reinstate the cause, overrule the motion to dismiss and proceed further in conformity to law.