## LEWIS *v.* HARPER.

### Opinion delivered May 30, 1921.

1. LANDLORD AND TENANT—ESTOPPEL TO DENY LANDLORD'S TITLE.— The possession of a tenant is that of his landlord, and, so long as the relation of landlord and tenant exists, the tenant can not acquire an adverse title as against his landlord, nor can he prove that the title is in the State, and not in the landlord.

2. LANDLORD AND TENANT—ESTOPPEL TO DENY ASSIGNEE'S TITLE.—A tenant can not dispute the title of an assignee or purchaser of the land of the landlord, any more than he can dispute the title of the landlord himself.

3. LANDLORD AND TENANT—DENIAL OF TITLE—TERMINATION OF LEASE. —Upon the disavowal of the landlord's title, the relation of landlord and tenant ceases, and, as between them, the tenant becomes a trespasser, and the landlord may sue at once to recover possession, though the leasehold term has not expired.

Appeal from Sebastian Circuit Court, Fort Smith District; *John Brizzolara,* Judge; affirmed.

*J. E. London,* for appellant; *J. B. McDonough,* of counsel.

The action of unlawful detainer does not lie to determine the rights in the property sued for but only who is entitled to the present possession. 84 Ark. 220; 98 *Id.* 235; 100 *Id.* 629; 102 *Id.* 380. The lands were wild when defendants took possession under a contract with Robert Dunning to clear the land, and they did clear it under the agreement and put it in cultivation. Under the testimony plaintiff can not take possession until the expiration of the time they were let to defendants. Plaintiff has invoked the law in unlawful detainer and is bound by it. It was error to instruct a verdict. To create the relation of landlord and tenant, there must be a valid contract between the parties. 93 Ark. 222; 57 *Id.* 215.

At the time plaintiff bought out Dunning defendants claimed the land; it was an island and belonged to the State. A question for a jury was made, as there was a question of fact to be decided and it was error to direct a verdict. 19 Cyc. 1171; 69 S. W. 839, 908; 151 Mass. 543; 24 N. E. 907; 53 Mo. 313; 30 Mo. App. 44, 450; 44 N. W. 29.

*Pryor & Miles,* for appellee.

1. The undisputed facts show that appellants were placed in possession as tenants of appellee's grantors; that they disclaimed their landlord's title and denied that they were their lessor's tenants, and put themselves in hostility to the rights of the lessor. 16 R. C. L., § 631. The relation of landlord and tenant ceased upon the disclaimer by the tenant of the landlord's title. 9 Wall. 592; 14 Peters 156. A tenant can not dispute his landlord's title, or interpose an after-acquired title in defense of a suit by the landlord for possession or rent. 125 Ark. 141; 112 *Id.* 105; 9 *Id.* 328; 39 *Id.* 135; 20 *Id.* 547; 13 *Id.* 385; 31 *Id.* 222; 7 *Id.* 310; 27 *Id.* 50; 114 *Id.* 376. A tenant in possession can not disclaim the landlord's title without surrendering possession nor attorn to another. 43 Ark. 28; 27 *Id.* 50; 28 *Id.* 153. Nor can he

extinguish his landlord's title to the demised premises by purchasing an adverse title. 45 Ark. 177; 77 *Id.* 570; 28 *Id.* 153; 42 *Id.* 289.

2. There was no error in the rulings of the court as to the admission or exclusion of testimony and a verdict was properly directed.

WOOD, J. The appellee brought this action against the appellants. He alleged that he was the owner of certain lands in Sebastian County, Arkansas, and that he was entitled to the possession of same; that the appellants entered into possession of the lands under an agreement with the appellee and Robert Dunning, who at that time owned an undivided one-half interest. By the terms of the contract the appellants were to clear the lands of standing timber, and as compensation for their services in so doing they were to have the possession of the lands free of rent for two years; that in the year 1919 the appellants disclaimed the title of appellee and Dunning; that they made false and misleading statements to William B. Owen, State Land Commissioner, to the effect that the land was an island, and that the title was in the State. They applied to the commissioner for a deed; that the appellee and Dunning were compelled to go to considerable expense to resist the claims of the appellants; that the commissioner decided that the lands did not belong to the State. Notwithstanding this decision, the appellants still contend that the lands belong to the State. Appellee further alleged that appellants had committed waste and had refused to allow other tenants of the appellee to cross the lands. Appellee prayed for judgment for possession and damages in the sum of $250 and for rents.

Appellants answered, denying all material allegations of the complaint, and they averred that the lands in controversy held by them is an island; that it is subject to sale under the act of the General Assembly of 1917; that they applied to purchase the same on May 20, 1919, and that the State Land Commissioner arbitrarily

refused their application and that a mandamus is now pending against him to compel him to make appellants a deed. They alleged that appellee had no title or color of title to the lands.

The testimony on behalf of the appellee tended to sustain the allegations of his complaint. Lewis (one of the appellants) was called as a witness for the appellee, and he testified substantially as follows: That he and his brother went into possession of the lands in February, 1919; that Bob Dunning showed them the land and said he had some land to lease and that he would give them two crops to clear the land or one crop and give him the timber; that they did not agree as to which they would take, but they told him they would cut the timber off for $2 and give him the timber or either they would sell the timber and not cultivate it the next year. They took charge of the lands under that agreement and cleared up some of it. After they went into possession they learned that the land was State land. They then made application to the Commissioner of State Lands to purchase the same, and as soon as they made this application they did not consider themselves any longer tenants of Dunning, under whom the appellee claimed by warranty deed; that, after the commissioner denied their application to purchase the land, they brought a mandamus to compel him to do so. The appellants cultivated about twenty acres of the land in controversy in the year 1919—lands which they had cleared, and this year 1920 they had in cultivation between twenty and twenty-five acres. There were 131 acres on the island which was in their possession. They were to pay no rent for the years 1919 and 1920; that they only sold about ten cords of wood from the land, and the balance was still there cut up in such lengths as were required for making excelsior. There was no fence around the land when Dunning showed same to appellants. The river was on one side, and a fence on the other between the island and the rest of the farm.

There was further testimony to the effect that at the first of the year 1920 the appellee notified appellants to get out, and they refused to obey the notice, giving as a reason that they considered themselves no longer his tenants but were holding possession. The appellants offered to prove that the land in controversy was an island, which the court would not permit them to do, and also offered to introduce deeds to show that the title was not in the appellee, which testimony the court refused to allow. At the conclusion of the testimony the court instructed the jury to return a verdict in favor of the appellee, which was done. A judgment was then rendered in favor of the appellee, from which is this appeal.

It appears from the undisputed facts in the record that the appellants went into possession of the lands in controversy under the appellee's grantors. The appellants do not deny, but on the contrary admit, that they took possession of the lands in controversy under appellee's grantors, but they set up in defense of the action that appellee's grantors had no title, and hence they say that the appellee acquired none. The appellants have thus placed themselves in the attitude of denying the title of their landlord while holding on and claiming the right to the possession, which they only could have obtained through him. This they can not do, according to the authorities generally and as held by numerous decisions of this court.

"A tenant can not dispute the title of his landlord while he remains in possession under him nor acquire possession from the landlord by lease and then dispute his title without surrendering possession." *Burton* v. *Gorman,* 125 Ark. 141.

"The possession of a tenant is that of his landlord, and, so long as the relation of landlord and tenant exists, the tenant can not acquire an adverse title as against his landlord." *Gee* v. *Hatley,* 114 Ark. 376. See, also, *Bryan* v. *Winburn,* 43 Ark. 28; *Simmons* v. *Robertson,* 27 Ark. 50; *Hughes* v. *Watt,* 28 Ark. 153; *Pickett* v. *Fer-*

*guson,* 45 Ark. 177; *Dickinson* v. *Arkansas City Imp. Co.,* 77 Ark. 570, and other cases cited in appellee's brief.

No question of the right to homestead government lands is involved in this controversy.

The appellants contend that the relation of landlord and tenant did not exist between the appellants and the appellee because the appellee was the purchaser from appellants' landlord, and they did not take and hold possession under the appellee. "A tenant can not dispute the title of an assignee or purchaser of the landlord any more than he could dispute the title of the landlord or lessor himself." *Adams* v. *Primmer,* 102 Ark. 380.

The appellants also contend that they had cleared up the land under the contract which entitled them to the land free of rent for two years, but the law is that upon the disavowal of the landlord's title the relation of landlord and tenant ceases, and as between them the tenant becomes a trespasser, and the landlord may sue at once to recover possession though the leasehold term has not expired. 16 R. C. L., § 631; *Meryman* v. *Bourne,* 9 Wallace 592; 19 L. Ed. 683; *Walden* v. *Bodley,* 14 Peters 156; 10 L. Ed. 398. There was no error in the ruling of the court in refusing to allow appellants to offer testimony to show that the lands in controversy belonged to the State. The judgment of the court was in all things correct, and it is affirmed.