### CASEY v. JOHNSON.

4-4428

Opinion delivered November 16, 1936.

*Claude F. Cooper* and *T. J. Crowder,* for appellant.

*D. F. Taylor* and *D. Fred Taylor, Jr.,* for appellee.

MEHAFFY, J. This suit originally instituted in the Mississippi chancery court, was transferred to the circuit court and then on motion of appellant was transferred back to the chancery court, where it was tried.

The appellee filed an amended complaint on August 29, 1933, alleging that he was the owner of the land described, setting forth the deeds on which he relies, showing title from the United States government down to the appellee.

Appellant answered, denying all the allegations of the complaint, and further alleging that the land was forfeited for taxes due for the year 1926, and that on the fourth day of February, 1932, appellant donated the land from the state of Arkansas and secured a certificate of donation from the commissioner of state lands. He alleged that he had made valuable improvements, and further alleged that the act No. 2 of the Third Extraordinary Session of the Forty-ninth General Assembly of 1934 was void, because not within the proclamation of the Governor. He alleged that when he received his donation certificate he went into immediate possession of the lands; that the appellee was not the owner at the time the lands were forfeited for nonpayment of taxes, and that he had no right to redeem.

The deeds were introduced in evidence, as was also the donation certificate, and the donation certificate contained this notation: "Redeemed by Louis Johnson, Aug. 10, 1934."

The evidence as to the rental value of the land and the value of the improvements made by appellant is not abstracted, but appellant states: "As to the court's finding with respect to these different amounts, we make no contention, but say that the evidence was sufficient to sustain the finding."

There is, therefore, no question for us to determine except the title and right to possession of the land in controversy. The appellant, himself, testified that he went into possession of the land in February, 1930. When asked by what authority he went into possession, he said

he sharecropped two years, and then got his donation certificate; that he had never been off the land since he moved there in 1930; that he made his contract with Lyman Jones, but that Jones did not claim to own it; but witness thinks that Jones got the land from Gillespie. When asked if anybody said anything to him about paying rent on the place for 1933, he stated that Mr. Gillespie came over there and said, the Rockwood Tennessee Bank was taking the place in charge. Gillespie had in the meantime conveyed to the Rockwood National Bank. Witness testified that Gillespie wanted him to pay the rent, and he told Gillespie that he did not know whether he could pay him or not. There was no dispute about his owing the rent. He did not claim that Gillespie did not own the land when he went into possession of it, because he testified that originally Mr. Jones rented the place from Gillespie, and he made his contract with Jones.

The parties entered into the following agreement:

## "Stipulation

"It is hereby stipulated and agreed by and between Claude F. Cooper, attorney for defendant, and D. F. Taylor, attorney for plaintiff, that the record shows that the land in suit forfeited in the name of A. M. Gillespie, described as all of original lot one (1), section eighteen (18), township thirteen (13), north, range nine (9) east, containing one hundred and twenty (120) acres, for the nonpayment of 1927 levee taxes, but that said land under the above description was omitted from the decree of sale from the report of the commissioner making sale.

"That the plaintiff in this case relied on the title set out in his amended complaint, and the defendant admits the chain of title as therein set out, and waives the filing of all copies of such deeds of conveyances except the following:

"1. Redemption Deed No. 6017, the State of Arkansas to Louis Johnson.

"2. Quit-claim Deed, Louis E. Ford, receiver of the First National Bank of Rockwood, Tennessee, to Louis Johnson.

"3. Quit-claim Deed, the Board of Directors, St. Francis Levee District to Louis Johnson.

"December 10, 1935."

The above stipulation was signed by the attorneys and considered by the court.

The chancellor found that Casey, the appellant, was a tenant on the land in controversy for the years 1930, 1931, and continued in possession of the lands to the present time, and that demand was made for possession in 1934, and Casey refused to surrender possession; that prior to that time he made no claim of ownership, and when, in 1933, demand was made on him for the rent, he did not decline to pay rent or claim title to the land, but stated that he was unable to pay the rent. The chancellor found that he made valuable improvements, and also found the rental value of the land; found that the appellee was entitled to possession, and that the rental value of the land exceeded the value of improvements by $50, and judgment was given against the appellant for possession of the land and $50.

To reverse the decree of the chancery court, this appeal is prosecuted.

By entering into the stipulation above set out, the appellant admits the chain of title as claimed by appellee, and waives the filing of copies, except copies of three instruments which are filed.

The undisputed evidence shows that the appellant took possession of the land under a contract made with Jones, and although he calls himself a sharecropper, he was according to his own statement, a tenant and knew at the time that the land belonged to Gillespie.

The appellant testifies that he made a contract with Jones for the two years that he was there, and that Jones got the land from Gillespie. Then Gillespie himself afterwards came to see appellant to collect the rent, and appellant did not say that he did not owe the rent, but stated that he was unable to pay it. He did not claim that he owned the land, but his conduct and what he said indicated that he was occupying the premises as a tenant of Gillespie. It is undisputed that the land had forfeited for taxes, and it is undisputed that

the appellee redeemed it. We think it immaterial whether the act referred to by appellant is unconstitutional or not, the act of the Third Special Session of 1934, because under the law the owner, his heirs or assigns, had a right to redeem, and if the State Land Commissioner accepted his money and permitted him to redeem, the appellant could not complain.

It is earnestly contended by the appellant that the plaintiff in a suit in ejectment must show that he has the legal title, and it must appear that he had title before the commencement of the suit. The amended complaint was filed after the deed to appellee, and the parties agreed that the chain of title set forth in the amended complaint is correct.

Appellant went into possession of the land as a tenant, and the possession of a tenant is the possession of the landlord, and the tenant, while this relation exists, cannot acquire an adverse title against the landlord. "A tenant cannot dispute the title of his landlord while he remains in possession under him, nor acquire possession from the landlord by lease and then dispute his title without surrendering his possession." *Lewis* v. *Harper,* 149 Ark. 43, 231 S. W. 874; *Burton* v. *Gorman,* 125 Ark. 141, 188 S. W. 561; *Dunlap* v. *Moose,* 98 Ark. 235, 135 S. W. 824; *Bryan* v. *Winburn,* 43 Ark. 28.

The appellee has title to the property, the appellant was occupying it as a tenant, and still in possession, having gone into possession as a tenant and lived there continuously, he cannot dispute his landlord's title.

A tenant cannot dispute the title of an assignee or purchaser of the landlord any more than he could dispute the title of the landlord or lessor himself. *Lewis* v. *Harper, supra.*

The decree of the chancellor is supported by the evidence, and is, therefore, affirmed.