TYLER *v.* NIVEN.

4-4730

Opinion delivered October 4, 1937.

*C. V. Holloway,* for appellants.

*Coleman & Gantt* and *Viola Castleberry,* for appellees.

BUTLER, J.   The material facts in this case are not in dispute.  L. C. Strickland and wife were indebted to the appellees, the indebtedness being evidenced by five promissory notes in the sum of $574.96 each.  To secure these notes, they executed a mortgage on sixty acres of land which was duly recorded.  As between the parties, the debt was kept alive by partial payments beginning in January, 1927, and continuing each year down to, and including a payment made, January 28, 1933.  During all of this time the appellees, who are merchants, were furnishing the Stricklands with necessary supplies with which to live and make their crops.  In 1933 or the first part of 1934, Strickland informed the appellees that he had lost his stock, and, after some effort on his part to get more stock and his failure to do so, it was decided that he should surrender possession of the land, and that later he and his wife would come in and make a deed. He determined to take this action because his children had grown up and left him and he was unable to continue to farm the property.  Appellees, thereupon, took possession of the property and rented it to the United States Government for the year 1934.  The following year it was rented to a Mr. Tyler, the husband of appellant, Rowena Tyler.  He entered into possession under his rental contract and farmed the lands during the year 1935, during which Strickland and his wife worked a part of the place as share-croppers for Tyler.  Mrs. Rowena Tyler procured an abstract of the title, from which she

discovered the mortgage given by the Stricklands to the appellees; also, that there had been no payments indorsed on the record and that the mortgage apparently was barred by the statute of limitation. Strickland claimed the property still belonged to him and, after the abstract was examined, Mrs. Tyler bought the land from Strickland and his wife, who executed a deed to her on October 17, 1935. The Stricklands did not testify, but Mrs. Tyler testified and admitted that her husband had rented the lands from appellee for the year 1935 and was .in possession of it as tenants at the time she made the purchase and secured the deed.

The appellees brought suit to foreclose under their deed of trust, or mortgage, in which suit the Stricklands and the appellant, Rowena Tyler, were made defendants. The Stricklands did not answer.

Mrs. Tyler answered, pleading as a defense the statute of limitations. Her defense is based on § 7408 of Crawford & Moses' Digest, which provides, in effect, that when payment is made on an existing indebtedness secured by mortgage or deed of trust, before the same is barred by the statute of limitation, such payment shall not extend the operation of the statute so as to affect the rights of third parties unless an indorsement or memorandum of such payment, with the date thereof, shall be placed on the margin of the record where the instrument is .recorded, which indorsement shall be attested and dated by the clerk.

The plea is not available to Mrs. Tyler because she is not a third party within the meaning of the statute. It is thoroughly settled that a tenant cannot acquire title adverse to his landlord while the relation exists without first having surrendered possession of the property. This limitation extends not only to the tenant, but to his privies in blood or estate. Estoppel to dispute the title of a landlord, or acquire an interest adverse to him, extends to the wife of the tenant in possession. *Casey* v. *Johnson,* 193 Ark. 177, 98 S. W. (2d) 67; 35 C. J. 1235, 1237.

The appeal comes from a decree foreclosing appellees' mortgage. The decree is correct and is, therefore, affirmed.