CHRONISTER v. SKIDMORE.

4-5476                                    129 S. W. 2d 608

Opinion delivered May 8, 1939.

*Caudle & White,* for appellant.

*Opie Rogers,* for appellee.

McHANEY, J. Appellant brought this action against appellee to recover a 160-acre tract of land in Van Buren county, alleging that he was the owner and entitled to the possession thereof; that it was purported to have been sold to the state on June 1, 1923, and certified to the state on June 15, 1925, for the taxes of 1922; that on June 6, 1931, the cashier of the Farmers Bank & Trust Company of Russellville wrote a letter to the collector of Van Buren county directing him to draw a draft on said bank to pay the delinquent taxes on the lands here in controversy, and received a reply stating that he could find no such lands as those described; that on July 15, 1931, appellant received an entry statement from the state land office to the effect that the land in controversy was never certified to that office and that the state had no claims to the land according to their records; that the clerk of Van Buren county, through error, did not certify said lands to the state until May 3, 1932; that on July 13, 1933, appellee received from the state land office a donation entry certificate and in 1936 a donation deed was issued to him. It was alleged that the tax sale, donation certificate and deed were all void; that the tax sale was void for twenty-six separate reasons, and that the donation certificate and deed were void for twelve different reasons. He prayed that the donation deed be canceled.

Appellee filed a motion to dismiss the action because appellant failed to comply with the statutes which require

the filing of an affidavit of tender of taxes and improvements before the issuing of any writ and a dismissal of the action for failure to file the affidavit, §§ 4663 and 4664, Pope's Digest; also on account of limitations and laches. He also demurred on the same or similar grounds in addition to the ground that the complaint did not state facts sufficient to constitute a cause of action.

The court sustained the motion and demurrer. Appellant elected to stand on his pleadings and his cause was dismissed. The case is here on appeal.

Section 4663 of Pope's Digest provides that: "No person shall maintain an action for the recovery of any lands, or for the possession thereof against any person who may hold such lands by virtue of a purchase thereof at a sale by the collector or Commissioner of State Lands, for the non-payment of taxes, or who may have purchased the same from the state by virtue of any act providing for the sale of lands forfeited to the state for the non-payment of taxes, or who may hold such lands under a donation deed from the state, unless the person so claiming such lands shall, before the issuing of any writ, file in the office of the clerk of the court in which suit is brought an affidavit setting forth that such claimant hath tendered to the person holding such lands in the manner aforesaid, his agent or legal representative, the amount of taxes and costs first paid for said lands, with interest thereon from the date of payment thereof, and the amount of taxes paid thereon by the purchaser subsequent to such sale, with interest thereon, and the value of all improvements made on such lands by the purchaser, his heirs, assigns or tenants, after the expiration of the period allowed for the redemption of lands sold for taxes, and that the same hath been refused."

Section 4664 provides for a dismissal of such an action for failure to file such affidavit of tender.

It is the contention of appellant that the making of the tender and the affidavit of tender were not conditions precedent to the bringing of the action and that this court, in construing said sections, had made a distinction between suits brought to set aside tax sales because

of mere irregularities of the officers conducting the sale, and suits where jurisdictional defects make the sale absolutely void. In other words, a distinction between voidable and void sales.

Appellant sets out one allegation of the complaint and relies upon it as rendering the sale absolutely void and as being a jurisdictional defect. It is as follows: "(1) That the quorum court of Van Buren county, purporting to levy the several respective items of taxation against the lands above described, was not legally in session at the time of the purported levying of said taxes, and each item thereof; that a majority of the legally constituted justices of the peace of said county did not attend and were not present and participating in said quorum court and proceedings, and that the roll upon the levy of the respective tax items extended upon the tax books, and for which said land was sold, was not called and that a yea and nay was not taken as is required by law."

We do not construe this allegation as constituting such a defect as claimed. The substance of it is that the quorum court was not legally in session because a majority of the justices of the peace were not present and that the roll was not called and a yea and nay vote was not taken. It is not alleged that the land was not subject to taxation, nor that the taxes have been paid, nor that the quorum court failed to meet at the time and place provided by law. Only that it was not legally in session, which is a mere conclusion of law; that a majority of the justices did not attend and were not present, another conclusion of the pleader; and that the roll was not called and a yea and nay vote taken, a mere irregularity, since there is no claim that the land was not subject to taxation or that the taxes were paid. If the pleader meant that a quorum was not present because the roll call was not recorded or that such call failed to reveal a quorum, this would still be a mere irregularity. We do not mean to say that this was a valid sale, for, according to the allegations of the complaint, which, on demurrer, we must take as true, it was not. What we do mean to say and

to hold is, that the allegation relied on is not such as would avoid the necessity of the affidavit of tender.

It has been held by this court, under certain conditions, that the statute above quoted does not apply. For instance, it was held in *Kelso* v. *Robertson*, 51 Ark. 397, 11 S. W. 582, that the payment of a tax extinguishes the authority to make a sale for its collection; in *Sutton* v. *Lee*, 181 Ark. 914, 28 S. W. 2d 697, it was held that a bad description avoids the sale as the land could not be identified and was, therefore, not sold; and in *Winn* v. *Little Rock,* 165 Ark. 11, 262 S. W. 988, it was held that sale of land used by a city for a public cemetery was void because it was not subject to taxation. See, also, *McCann* v. *Smith*, 65 Ark. 305, 45 S. W. 1057, and *Jones* v. *Fowler,* 171 Ark. 594, 285 S. W. 363. No such allegations as those noted above are in this case. The land was subject to taxation, was not exempt, the description was good and the tax was not paid.

Under the allegations here presented, the affidavit of tender of taxes and betterments as required by statute was necessary, and, not having been made, the court correctly dismissed the complaint.

Affirmed.

McHANEY, J. (on rehearing). In his motion and brief on rehearing, appellant states that the court apparently overlooked an allegation in the complaint to the effect that the donation certificate and the donation deed issued by the Commissioner of State Lands to appellee were void for the reason that the defendant was a tenant upon the lands at the time of the attempted donation, and prior thereto, and that under the authority of *Casey* v. *Johnson,* 193 Ark. 177, 98 S. W. 2d 67, he could not acquire his landlord's title at a sale by the State. While it is true the complaint contained such an allegation, it is also true that it was not discussed in the original opinion for the reason that counsel for appellant failed to assign and argue it as a ground for reversal in their original brief or on the original hearing. It is presented and argued for the first time on rehearing. But it could not be sustained had it been argued, as it is not such a defect in the

title as would render the sale void for want of power to make it. The fact that it was sold to a tenant of the owner does not go to the power to sell, so as to avoid the necessity of a tender as provided by the statute.

His second argument on rehearing is likewise presented for the first time, and that is that this is not a suit in ejectment to recover the possession of lands, but is a suit in chancery to set aside a tax sale and a donation deed, and the prayer of the complaint is quoted to show that possession was not asked. It is then argued that the affidavit of tender is not required because of this fact and great reliance is placed on the recent case of *Reynolds* v. *Plants,* 196 Ark. 116, 116 S. W. 2d 350. Aside from the fact that the complaint alleges in the very beginning, ''That Burlin Chronister is the owner of the following described real estate: (describing it) and is entitled to the possession thereof,'' it is also true that no such argument or assignment was presented as a ground of reversal on the original hearing. It is the rule in this court that assignments of error not presented or argued on the original hearing will not be considered on rehearing. *Midland Valley Rd. Co.* v. *Lemoyne,* 104 Ark. 327, 148 S. W. 654; *Driver* v. *Gary,* 143 Ark. 112, 220 S. W. 667.

It is true that § 4663 of Pope's Digest, providing for an affidavit of tender, is conditioned that this must be done in ''an action for the recovery of any lands, or for the possession thereof,'' but it is also true that the purpose of this action was for the recovery of the lands and the possession thereof. The complaint alleges that the appellant ''is the owner—and is entitled to the possession thereof,'' and this shows that it was a possessory action regardless of the omission of the prayer to ask it. In *Lea* v. *Lewis,* 189 Ark. 307, 72 S. W. 2d 525, also relied on, Mrs. Lea, the owner in possession, brought the action to cancel the State's tax deed to Lewis, and this court correctly held that it was not a suit to recover the land or the possession thereof and could not be as Mrs. Lea was already in the actual possession thereof. In *Security Products Co.* v. *Booker,* 195 Ark. 843, 115 S. W. 2d 870, the question of an affidavit of tender was not

raised, either in the lower court or in this court. In *Reynolds* v. *Plants, supra,* two of the appellants were minors when the lands were sold for taxes and their suit for redemption was filed "within the time permitted by the statute to redeem from the alleged tax sale." The opinion in that case might well have been based on that fact instead of on the fact that it was not a suit to recover the land or the possession thereof, and that, therefore, no affidavit of tender was required. See, also, *Hodges* v. *Harkleroad,* 74 Ark. 343, 85 S. W. 779.

In this case appellant is not in possession of the land and the gist of the action is not only to cancel the forfeiture and sale to the State, as also the donation deed from the State to appellee, but to recover the land or the possession thereof. The affidavit of tender should, therefore, have been filed and the court correctly dismissed the complaint for failure to do so. The petition for rehearing is, therefore, denied.