SMART *v.* ALEXANDER.

4-6069                                                    144 S. W. 2d 25

Opinion delivered October 28, 1940.

*H. S. Grant,* for appellant.

*Gustave Jones,* for appellee.

McHANEY, J.   Appellant brought this action to have declared void a tax forfeiture and sale to the state of 80 acres of land in Jackson county which occurred in June, 1933, for the taxes of 1932; to cancel a donation

certificate and a donation deed from the state to appellee, the latter dated May 3, 1939; and to recover the possession of said land from appellee. The complaint alleged the invalidity of the forfeiture and sale to the state because the quorum court of Jackson county levied a tax of 1/10 mill for the Crippled Children's Home and Hospital which was in excess of the constitutional limit of 5 mills for all county purposes which had been levied. It was also alleged that the donation certificate and the donation deed to appellee were void because the land was improved and had more than $200 in improvements on it and was not subject to donation; that false and fraudulent statements were made by appellee, the county judge, circuit clerk and surveyor in making proof to get the donation deed from the state; and that appellee was his tenant, and, as such, could not acquire her landlord's title. The prayer was, among other things, that he have judgment for the possession of said lands, and for writs of assistance to place him in possession. Appellee demurred to this complaint, which was overruled, as was also a motion to make more definite and certain. She then moved to dismiss for failure of appellant to file an affidavit of tender of taxes and improvements on or before filing his complaint, as required by § 4663 of Pope's Digest, or suffer dismissal of the action as provided by § 4664. The court sustained this motion. Appellant declined to plead further and his complaint was dismissed. There is here an appeal and a cross-appeal.

We think the court erred in sustaining the motion to dismiss and in dismissing the complaint for failure to file the affidavit of tender.

The complaint alleged that the quorum court levied a tax of 1/10 mill for the Crippled Children's Home and Hospital in addition to the 5-mill constitutional limit for county purposes, which was admitted by the demurrer, and we held in the recent case of *Sherrill* v. *Faulkner*, 200 Ark. 1006, 142 S. W. 2d 229, that a tax levy in excess of five mills for county purposes was void and that a sale of land for such a tax was void, citing *Fuller* v. *Wilkinson*, 198 Ark. 102, 128 S. W. 2d 251. In the latter case it was

held that, a sale of land for taxes which included the three-mill road tax, which had not been voted by the people, was void for want of power to sell, and that such a sale was not cured by a confirmation decree under act 119 of 1935. So we conclude that the sale of appellant's land to the state, which included the void levy of 1/10 mill, was void for want of power to sell.

Where a tax sale is absolutely void for lack of power to sell, it has several times 'been held by this court that the affivadit of tender required by said § 4663 of Pope's Digest is dispensed with. *Kelso* v. *Robertson,* 51 Ark. 397, 11 S. W. 582; *Sutton* v. *Lee,* 181 Ark. 914, 28 S. W. 2d 697; *Winn* v. *Little Rock,* 165 Ark. 11, 262 S. W. 988. But where the tax sale is voidable for mere irregularities of the officers conducting the sale, the rule is different. *Chronister* v. *Skidmore,* 198 Ark. 261, 129 S. W. 2d 608.

On the matter of the cross-appeal, appellee says the court erred in overruling the demurrer, because appellant alleged no evidence of title in himself, except the bare allegation that he was the owner of said lands—a mere conclusion of law. But the complaint also alleged that appellee was appellant's tenant at the time she donated said lands, which fact the demurrer admits, and we think this is a sufficient allegation of ownership on demurrer to justify the court's action in overruling it.

The decree will be reversed on the appeal and remanded with directions to overrule the motion to dismiss, and for further proceedings according to law, the principles of equity and not inconsistent with this opinion. On this cross-appeal the judgment is affirmed.