TODD *v.* DENTON.

4-3088

Opinion delivered October 16, 1933.

*Horace Sloan,* for appellant.

*Eugene Sloan, Chas. D. Frierson* and *Charles Frierson, Jr.,* for appellees.

*Foster Clarke* and *H. M. Cooley, amici curiae.*

HUMPHREYS, J. This is a contest between appellees and appellant as to the ownership of the southeast quarter of section thirteen (13), township thirteen (13) north, range five (5) east, in Craighead County, Arkansas, containing 160 acres, more or less.

Appellees based their claim of title upon a deed from A. F. Taylor to his daughter, Elizabeth Jane Taylor, of date May 14, 1901, which deed reads in part, as follows:

"Do hereby grant, bargain, sell and convey unto the said Elizabeth Jane Taylor, for and during her natural life, the following lands (here lands are described). If at her death the said Elizabeth Jane Taylor shall have issue or grandchildren, then the above real estate shall vest in such children and grandchildren, or children or grandchildren, as the case may be *per stirpes.* If the said Elizabeth Jane Taylor shall not leave surviving either children or grandchildren, then upon her death such real estate shall vest in the other lawful heirs."

Appellant claimed title in his first pleading under an outright purchase of said land from the State of Arkansas, the State having acquired title thereto under a tax forfeiture sale for the year 1922.

In a subsequent pleading, he claimed title thereto by purchase thereof on June 20, 1931, from the Lake City, Nettleton, and Bay Road Improvement District No. 1, in which the land was located, which district acquired title thereto on May 12, 1926, under a regular foreclosure proceeding for failure to pay the improvement taxes for the years 1922 and 1923.

In a later pleading, he claimed title thereto under a purchase of the land during the pendency of this suit at a levee district tax sale held on October 30, 1931, paying therefor the sum of $268.10, and for which he later received a deed.

On a hearing of the cause, the trial court cancelled the tax deeds relied upon by appellant and quieted and confirmed the title to said lands in appellees and created a lien thereon in favor of appellants for the following amounts:

| "Date 1930 | Item | Amount | Int. at 10% to 4-1-1933 |
|------|------|--------|-------------------------|
| Oct. 6 | Affidavit for donation....$ | .50 | |
| Oct. 6 | Donation certificate ........ | 10.00 | $ 2.49 |
| Nov. 5 | Affidavit to exchange for State tax deed ..................... | .50 | |
| Nov. 5 | State tax deed ..................... | 161.00 | 38.72 |
| Nov. 10 | Recording State tax deed ..................................... | 1.50 | .24 |
| 1931 | | | |
| May 9 | Paid taxes and drainage assessments due in 1931 | 127.37 | . 23.06 |
| Oct. 30 | Amount paid for levee tax deed ..................................... | 268.10 | 38.04 |
| 1932 | | | |
| Jan. 16 | Recording levee tax deed ..................................... | 2.00 | .24 |
| | Total principal and interest ...............................$570.97 | | $102.79 $673.76" |

and ordered a sale of the land to pay same, from which is this appeal.

During the progress of the trial, appellant admitted the invalidity of his State tax deed, so it goes without saying that the trial court did not err in cancelling the State tax deed relied upon by him.

Neither did the court err in cancelling the road improvement district deed of date June 20, 1931. At the time, the land in question had reverted to the delinquent landowners under and by virtue of act 11 of the Acts of 1927 and act 153 of the Acts of 1929 passed in aid of said act 11. Having no title, the road district could not convey any to appellant. The purpose and intent of

those acts was to relieve the delinquent landowners from payment of any debts incurred by said road improvement district prior to the passage of said act 11, and for the Highway Commission to pay said debts. This is the construction placed upon these acts in the case of *Tri-County Imp. District* v. *Taylor,* 184 Ark. 675, 43 S. W. (2d) 231. To give effect to appellant's deed would allow the district to receive the benefit of the payment of its debts prior to the passage of act 11 by the Highway Commission and to keep the land of the delinquent owner also, thereby depriving the owner of any benefit under the acts.

Appellant also contends for a reversal of the decree under purchase of said lands during the pendency of the suit at a sale by the St. Francis Levee District for the nonpayment of assessments. At the time of the purchase, appellant was claiming title to the lands under a deed executed to him by said road improvement district and in recognition of a duty on his part to pay the taxes, and his act must be treated as a redemption thereof for his own benefit. In this view of his act, the purchase at the delinquent tax sale redounded to the benefit of himself if he was the owner, or, if not, to the benefit of the true owners thereof, who are the appellees in this case.

Appellant claimed to be the owner of the property under tax titles which proved to be void, so there is no merit in his claims. Under the circumstances, the court was very generous in his allowances and his declaration of a lien upon the land to pay same.

The decree is therefore in all things affirmed.

SMITH, J., dissents.