LEA *v.* LEWIS.

4-3466

Opinion delivered May 21, 1934.

*Walter M. Purvis, Marshall Purvis* and *Dan Purvis,* for appellant.

*Cooper B. Land* and *William G. Bouic,* for appellee.

MEHAFFY, J. The appellant was the owner and in possession of lots 4, 5 and 6 in block 156 in the city of Hot Springs, Garland County, Arkansas. She failed to pay the taxes assessed against said property, which were due and payable in the year 1930. Said property was sold for the taxes, penalty and cost to the State of Arkansas.

On August 16, 1933, the appellees, W. E. Lewis, Sr., and W. E. Lewis, Jr., purchased said property from the State of Arkansas, paying the Land Commissioner therefor the sum of $744.51, and received a deed from the State Land Commissioner.

Immediately after receiving the deed, appellees served notice on the appellant and also on the caretaker in possession of the property, notifying them to vacate said property immediately, stating that they had purchased said property and intended to enter upon immediate possession.

The appellant filed this suit in the Garland Chancery Court to cancel appellees' deed as a cloud on her title. A demurrer was filed, alleging that the complaint did not state facts sufficient to constitute a cause of action, and, second, that the complaint does not set forth specifically facts to show the invalidity of appellees' deed, and third, that there is no strength of title shown in the appellant that would entitle her to relief.

The court heard argument on the demurrer, and made an order that the demurrer should be treated as a motion to make the complaint more definite and certain, and sustained it as such motion, and gave appellant 15 days in which to amend her complaint. This hearing and order were on August 25, 1933. Thereafter the court entered another order striking out that part of the order of August 25th which treated the demurrer as a motion to make the complaint more definite and certain, and struck out that portion giving appellant 15 days in which to answer.

On October 10, 1933, the court made an order sustaining the demurrer and dismissing the complaint. The complaint seems to have been reinstated, and on December 15, 1933, the appellees filed motion to dismiss for noncompliance with §§ 3708 and 3709 of Crawford & Moses' Digest. This motion was by the court sustained, and the complaint was dismissed and appellant denied the right to amend.

There were several motions, and an injunction granted and receiver appointed, but it is not necessary to discuss them here. The court finally sustained the demurrer because appellant had not complied with § 3708 of Crawford & Moses' Digest.

The above section requires the affidavit of tender of taxes only when the suit is for the recovery of lands or for the possession thereof. This suit was not a suit for the recovery of lands, nor a suit for the possession of lands. The appellant was in possession, and the appellees had never acquired possession. If the purchaser of a tax title is in possession of lands, there would be some reason for tendering the taxes and filing the affidavit before any writ was issued. He should be given the opportunity to accept the taxes and deliver the possession. But where the original owner is in possession and the suit is merely to remove a cloud from his title, § 3708 has no application. Of course the original owner is required to tender and pay the taxes, but he is not required to file an affidavit of tender.

This court, in referring to the above section, said: "The effect of that section is that, before any suit for the

recovery of lands held by virtue of a purchase at tax sale, and in some other cases, the claimant shall file, in the office of the clerk of the proper court, an affidavit to the effect that he had tendered the full amount of all taxes and costs paid on account of said lands, with interest on the same at the rate of 100 per cent. upon the amount first paid for said lands, and 25 per cent. upon all taxes, and costs paid thereafter, etc. This is neither an action for the recovery nor possession of lands. The provisions of the law are severe, and will not be extended beyond the letter." *Hare* v. *Carnall,* 39 Ark. 196.

"If such an objection could in suits of the nature of the present, the object of which is not the recovery of the land or the possession thereof, but simply to clear the title from doubt and clouds, in any manner avail, it certainly could not by demurrer, which will only lie for objections apparent upon the face of the complaint, either from the matter inserted or omitted therein, or from defects in the frame or form thereof. But it will plainly be seen, by a reference to the statute, that such an affidavit is required only in actions for the recovery of the land, or for the possession thereof." *Chaplin* v. *Holmes,* 27 Ark. 414; *Burgett* v. *McCray,* 61 Ark. 456, 33 S. W. 639; *Hodges* v. *Harkleroad* 74 Ark. 343, 85 S. W. 779.

Since this is not a suit for the recovery of land nor for the possession thereof, the affidavit provided for in § 3708 was not required, and the court erred in sustaining the demurrer and dismissing the complaint.

The decree of the chancery court is reversed, and the cause remanded with directions to overrule the demurrer and proceed with the trial of the case.