UNION TRUST COMPANY OF CONCORD, N. H., v. WATTS.

4-6215 . 148 S. W. 2d 318

Opinion delivered February 24, 1941.

*W. F. Reeves,* for appellant.

*Opie Rogers,* for appellee.

HUMPHREYS, J. This suit was brought on June 13, 1939, by appellant in the chancery court of Van Buren county against appellees to cancel a tax deed executed by the State Land Commissioner on the 21st day of October, 1937, to Ray Watts for the northeast quarter southeast quarter, section 12, township 13 north, range 15 west, in said county, recorded in deed record book 50 at p. 322 of said county; and to cancel a quitclaim deed from Ray Watts of date March 7, 1938, to J. A. Thompson for same land, recorded in deed record book 49, p. 529, of said county, on the alleged ground that said land was assessed for taxes in Van Buren county for the year 1933, was returned delinquent by the collector of Van Buren county on October 16, 1934, which was premature under the law then in force, and that the collector attempted to sell said lands for the taxes, penalty and costs due thereon for the year 1933, on the 8th day of November, 1934, which was premature and a date not authorized by law, was void, and the collector was without legal power to make such sale on said date for the following reasons:

"First. That the law then in force provided for the sale of lands delinquent for taxes for the year 1933 on the third Monday in November, 1934.

"Second. That said lands were not published in the manner as then required by law (in that the sale was advertised for a day not authorized by law).

"Third. That the clerk did not certify the dates of publication and date of sale as required by law, etc.

"And further alleged that on the account of the attempt to sell said land on the date not authorized by

law, and on a date not advertised or attempted to be advertised, the sale was void, and the collector had no power to sell said lands on the date and in the manner he undertook to do, and the Commissioner of State Lands for the state of Arkansas had no power to sell and convey said lands as forfeited lands, and each and every act of the officials was void.''

The complaint further alleged ''that on February 28, 1938, the plaintiff, Union Trust Company of Concord, New Hampshire, redeemed said lands from the state of Arkansas, and received from Otis Page, Commissioner of State Lands, a redemption deed for the taxes for the years 1933 to 1937, inclusive, which was duly recorded in deed record book 50, p. 320, of the records of Van Buren county, and is attached to the complaint as exhibit 'A' and made a part thereof.''

Attached to the complaint is an affidavit of W. F. Reeves, attorney for appellant, stating that on the 13th day of June, 1939, he tendered to J. A. Thompson $47.84, the purchase price of said lands with 10 per cent. interest per annum from the date of the purchase, which was refused, and that no improvements had been made on the lands by J. A. Thompson or Ray Watts since the purchase thereof, and that appellants have caused said tender to be made in case this court should hold that it was necessary to make a tender as a prerequisite to the institution of this suit in order to maintain same, and further stating that neither J. A. Thompson nor Ray Watts was in possession of the property in question at the time this suit was instituted, and that neither of them had made any improvements on the property to which he was entitled under the facts in the case.

According to the weight of the evidence in this case, appellant was in possession of the property under a written contract with a tenant. The weight of the evidence also shows that during the time the tenant was in possession J. A. Thompson built a road of some kind up to the house which cost him about $50 without the consent of appellant.

Appellee defends upon several grounds, the first being that the alleged defective tax title was cured by act 142 of the Acts of 1935.

Act 142 of the Acts of 1935 was repealed by act 264 of the Acts of 1937 approved in March of that year.

This court has never held that act 142 of the Acts of 1935 was a confirmation act, and that the effect thereof was to permanently cure defective tax titles during the time it was in force. On the contrary the holding of this court was to the effect that during the time it was in force tax titles could not be attacked upon the grounds alleged in appellant's complaint, but after the repeal thereof by act 264 of the Acts of 1937 tax titles could be attacked upon the grounds alleged in appellant's complaint. So when this tax title was attacked by appellant on the grounds alleged it was subject to attack just as if act 142 had never been in force, said act not having been a confirmation act. Appellee, Ray Watts, obtained from the state only the defective title held by the state and J. A. Thompson who purchased it from Ray Watts obtained just such title as he had which was a defective title. Appellant was the owner of the land at that time and in possession thereof and redeemed the land from the state before it confirmed its title thereto under the decree rendered April 4, 1938, and entered April 26, 1938. Appellant redeemed the land on February 28, 1938.

Appellee defends on the further ground that the confirmation decree by the state cured the defects in the title, and that such confirmation decree inured to his benefit under the doctrine that after acquired title by a grantor inures to the benefit of the grantor's grantee; that it related back to and effected his deed which was prior in time to the redemption deed of appellant. Appellees only had quitclaim deeds and the doctrine invoked had no relation to quitclaim deeds. This court ruled in the case of *St. Louis Refrigerator & Wooden Gutter Co.* v. *Langley,* 66 Ark. 48, 51 S. W. 68, that (quoting the third syllabus): "The statute which provides that titles afterward acquired by the grantor in

a deed shall pass to his grantee has no application to conveyances made by the state." And said in the fourth syllabus that: "A donation deed issued by the State Land Commissioner is a quitclaim deed, and conveys only such title as the state had at the time it was executed."

Again, and for another reason, the state had no claim on the lands at the time of the confirmation decree, having sold it nearly six months previously to Ray Watts, and also having permitted the owner to redeem it on February 28, 1938, over a month before the alleged confirmation.

Appellees contend, however, that the court properly dismissed appellant's complaint because no tender was made by it for the taxes and improvements before the suit was filed. This court ruled in the case of *Lea* v. *Lewis,* 189 Ark. 307, 72 S. W. 2d 525, that (quoting the syllabus): "A landowner in possession need not file an affidavit of tender of taxes, as provided by Crawford & Moses' Digest, § 3708, on filing a suit against a tax purchaser to cancel the latter's deed as a cloud on plaintiff's title."

This is a suit to cancel the deeds of appellees as a cloud upon its title and not in any sense a possessory action. The owner, appellant, was in possession by tenant at the time appellee, Watts, acquired the defective tax title from the state. On that account it was not required to tender taxes and the value of improvements before instituting its suit to clear the cloud on its title.

On account of the error indicated the decree is reversed, and the cause is remanded with directions to the court to cancel appellees' deeds as clouds upon appellant's title.