LUEBKE *v.* HOLTZENDORFF.

4-6789                                          162 S. W. 2d 899

Opinion delivered June 15, 1942.

*Arthur R. Macom* and *M. F. Elms,* for appellant.

*Frances Drake Holtzendorff* and *W. A. Leach,* for appellee.

GREENHAW, J.   The present appeal is a continuation of the litigation reported in the case styled *Luebke* v. *Holtzendorff,* 203 Ark. 141, 157 S. W. 2d 770, in which the opinion was rendered November 24, 1941.

The case is a very anomalous one.   The anomaly arises out of the fact that it involves the right to the possession of a tract of land to which neither of the litigants has the original or record title.   The record does not disclose who owns the original or record title, but it appears, from the opinion upon the former appeal, that this owner permitted the land to sell under a decree foreclosing the lien of a road improvement district for delinquent taxes due the district, and, as stated in that opinion, Holtzendorff acquired this title, through *mesne* conveyances, from the improvement district to which the land was sold under the foreclosure decree.   This, as stated in the former opinion, was not only color of title, but would have been the actual title but for the opinions in the cases of *Todd* v. *Denton,* 188 Ark. 29, 64 S. W. 2d 331, and *Tri-County Highway Improvement District* v. *Taylor,* 184 Ark. 675, 43 S. W. 2d 431.   Those opinions were to the effect that since the passage of the Martineau

Road Law of 1927. and act 153 of the Acts of 1929 road improvement districts were without authority to sell lands for the nonpayment of delinquent road taxes.

It was further said in the opinion on the former appeal that Holtzendorff had acquired an interest in the land which warranted its redemption from other tax forfeitures, and entitled him to intervene in the confirmation proceeding in which confirmation of the sale to the state was prayed. A decree was rendered in that case denying confirmation of the sale to the state. Luebke, who had purchased this land from the state, was made a party to that proceeding upon the motion of Holtzendorff, and the finding was made that Luebke, subsequent to his purchase from the state, had made improvements on the land of the value of $588.

The effect of the former opinion, affirming the decree from which that appeal had been prosecuted, was that Holtzendorff had an interest superior to that of Luebke, but that Holtzendorff had this interest subject to Luebke's claim to be reimbursed for his improvements and for the taxes which § 6 of act 119 of the Acts of 1935 required Holtzendorff, as an intervener in the confirmation proceeding, to pay to defeat the confirmation. These facts more fully appear in the former opinion.

The decree affirmed in the former opinion found that the sale to the state was invalid, and that Holtzendorff had such interest in the land as entitled him to redeem from the sale to the state, but that Luebke had made improvements and had paid taxes for which he should be reimbursed by Holtzendorff as the condition upon which he might redeem the land, and that Holtzendorff, as intervener, should be permitted to redeem by payment to Luebke of the sum so adjudged, and that if the same were not paid within thirty days the land should be sold in satisfaction of Luebke's claim, but that the possession of the land should not be disturbed, and that if intervener, Holtzendorff, should seek to gain possession of same it would be required that he bring a proper action in a court of law for that purpose.

From that decree Luebke prayed and was granted an appeal. This decree was affirmed with a modification that Luebke was not entitled to recover the price of a dollar per acre which he had paid the state for the land, but was entitled to recover only the sum required by § 6 of act 119, *supra*, to effect a redemption from the sale to the state, in addition to the value of his improvements.

We held in this former opinion that Holtzendorff had acquired an interest in the land, but that to protect that interest he would be required to pay subsequent taxes as they accrued, and that otherwise he would lose that interest just as any landowner might lose his title by failing to pay taxes.

After the first decree had been affirmed, with the modification in regard to the sum paid the state by Luebke for his deed from the state, Holtzendorff filed, in the court below, a petition, in which Luebke was tendered the full amount adjudged in his favor on the first appeal, it being alleged that, under the first decree and the opinion of this court affirming it as modified, with the tender there made, "this interest of the said Luebke, together with the right to the possession thereof, passed to this petitioner by way of purchase."

A demurrer to this petition was filed, in which it was averred that the chancery court was without jurisdiction to entertain an action for possession of the land, because it was an action cognizable only at law.

The demurrer was overruled, and Luebke standing thereon, it was decreed "that the clerk of this (the chancery) court upon the request of the intervener, J. F. Holtzendorff, after he shall have paid into the registry of this court the sum adjudged in the decree heretofore rendered in this action as the value of the improvements made by the said defendant, F. C. Luebke, and the taxes paid on the lands hereinafter to be described, without interest from the date of said decree, shall issue and deliver to the said intervener, J. F. Holtzendorff, a writ of assistance directing and commanding the sheriff of Prairie county to take from the possession of the said

defendant, F. C. Luebke, the possession of the following described lands . . .," and there follows a description of the land here in litigation. This appeal is from that decree.

For the reversal of this decree we are cited to cases of our own and from other jurisdictions to the effect that a writ of assistance may only issue to place one in possession of property the title to which has been awarded to him by an order of court, and not otherwise. The decree here appealed from awarded to Holtzendorff a writ of possession, although it was not adjudged that he had title to the lands. But it was adjudged that he had a right to possession superior to that of Luebke, whose only interest in the land is the right to reimbursement for the taxes paid and the improvements made.

After the intervention in the confirmation proceeding by Holtzendorff, the litigation became, as between him and Luebke, an adversary proceeding as related to the land here in controversy. In his answer to the cross-complaint filed against him by Holtzendorff, Luebke claimed title under the deed to him from the State Land Commissioner dated November 24, 1939, and no other claim to or interest in the land was alleged. The confirmation proceeding was filed in 1939; Holtzendorff's intervention was filed in 1940; so that Luebke could not have acquired title by possession.

The equity of the case warranted the court in the decree from which is this appeal to award a writ of assistance to place Holtzendorff in possession of the land. As was said in the former opinion, Holtzendorff must continue to pay the taxes to protect the interest which he has acquired, otherwise he would lose that interest just as any landowner would lose his title to land if he failed to pay taxes. If Holtzendorff should continue this payment of taxes for as much as seven years he would not thereby perfect his title, because the land is not wild and unoccupied, but is in the actual possession of Luebke, whose title would eventually ripen and be perfected by adverse possession.

The adjudication that Luebke should be reimbursed for his taxes and improvements is not questioned, and he has no other right to or interest in the land, and Holtzendorff has made a tender in satisfaction of that claim.

It is true the owner of the record title was not made a party to this proceeding except by the confirmation proceedings, but he may be prodded into action when the party is placed in possession who has paid and is paying the taxes on the land. What action the record owner may take is a question not presented by this record.

The decree of the court below accords with the equity of the case, and it is, therefore, affirmed.