FARRELL v. SANDERS.

4-6880                                        166 S. W. 2d 889

Opinion delivered November 30, 1942.

*John F. Park*, for appellant.

*Isaac McClellan*, for appellee.

HOLT, J.   January 25, 1939, the State of Arkansas, proceeding under the authority of Act 119 of 1935, filed suit in the Grant chancery court to confirm its title to certain lands in Grant county. September 16, 1939, a decree, confirming the state's title to certain lands described in the complaint, was entered, and among these various tracts described in the complaint was the land involved here, "the west half of the northeast quarter of section 14, township three south, range 12 west, in Grant county, Arkansas."

March 21, 1939, appellee, J. L. Sanders, obtained a deed from the State of Arkansas to the land involved.

September 4, 1940, within the year following this confirmation decree, appellant, R. F. Farrell, intervened in the state's confirmation suit. He alleged ownership of the land in question, and that the purported tax sale to the state and the attempted conveyance by the state to appellee, Sanders, are void and of no effect on twenty-five different grounds. He further alleged that "your petitioner had no knowledge of the pendency of the suit of the *State of Arkansas* v. *Delinquent Lands in Grant county, Arkansas*, and has a meritorious defense to said suit; that he tenders into court and offers to pay to the said J. L. Sanders the sum of $29.79, paid by him to the state of Arkansas for said deed, together with penalty, interest and cost as required by law. Wherefore, intervener prays that the tax sale in Grant county, Arkansas, for the year 1935 as to the following described lands, to-wit: west half of the northeast quarter, section fourteen, township 3 south, range twelve west, Grant Co. be declared void and of no effect; that this cause be dismissed as to said lands for want of equity and that all of the right, title, interest and equity of the said J. L. Sanders and of the state of Arkansas, in and to said lands, or any part thereof, be divested out of them and vested in intervener, free and clear of all and any claims in or to said lands that have been, or might be, made by them, and for all other proper relief."

October 28, 1940, appellee filed motion to dismiss appellant's intervention on the ground that "intervener has not tendered to defendant taxes paid or pay for improvements as provided for by law, and did not file the affidavit showing this before filing suit."

December 20 following, the court, in the absence of appellant, sustained this motion. However, on April 22, 1941, the trial court, upon appellant's motion, set aside its order of dismissal, and reinstated appellant's intervention. April 28, 1941, appellee answered with a general denial and by way of cross-complaint asked for numerous items of improvements totaling $280.34, which

includes the sum of $81, paid the state for deed to the land in question.

May 14, 1941, appellant answered appellee's cross-complaint with a general denial and alleged that appellee was indebted to him for the use of the land and for certain timber sold from the property by appellee, and asked that a balance be struck between them.

May 16, 1941, appellee filed an amendment to his answer and cross-complaint, alleging additional improvements, and again questioned the action of the court in reinstating appellant's intervention, and in addition, pleaded the statute of limitation. On this same day, May 16, 1941, upon a hearing of the cause, appellee renewed his motion to dismiss appellant's intervention for failure to tender taxes and improvements and for failure to file affidavit of tender. The court thereupon took this motion under advisement and thereafter, on December 19, 1941, entered the following decree: "On this day is presented to the court the motion of the defendant, J. L. Sanders, to dismiss the intervention of R. F. Farrell, because of the failure to tender taxes and improvements and for failure to file affidavit of tender. And the court being well and sufficiently advised in the premises, finds that the state of Arkansas filed suit on the 25th day of January, 1939, in the Grant county chancery court to confirm title in certain lands in Grant county that had forfeited for nonpayment of taxes and sold to the state of Arkansas, and that on the 16th day of September, 1939, a decree was rendered quieting and confirming title in and to certain lands in Grant county in the state of Arkansas, and among said lands was the west half of the northeast quarter of section 14, township 3 south, range 12 west, the property involved in this action; that on the 4th day of September, 1940, and within a year after the entering of the confirmation decree confirming title to said lands in the state, the intervener herein, R. F. Farrell, filed his intervention in said suit setting up the invalidity of said tax sale upon which the confirmation decree was based and asked that he be allowed to redeem the land in controversy; J. L. Sanders, the purchaser of

said land from the state of Arkansas, was made a party defendant in said intervention, and filed a motion to dismiss said intervention because of the failure of the intervener to make a tender of taxes and improvements and for failure to file affidavit of tender; the court further finds that said motion of the defendant, J. L. Sanders, was sustained and said intervention dismissed by the court on the 20th day of December, 1940, but upon petition of the intervener, on April 22, 1941, said order of dismissal was set aside by the judgment in vacation and said intervention reinstated, and in the same term of court in which said dismissal order was entered; that said motion to dismiss for failure to tender taxes and improvements and failure to make affidavit of tender was renewed by the defendant, J. L. Sanders, on the 16th day of May, 1941, in open court, whereupon the court took said motion to dismiss under advisement and after due consideration of same finds that it is meritorious and should be sustained. It is, therefore, considered, ordered and decreed, that the motion of the defendant, J. L. Sanders, to dismiss the intervention of the intervener, R. F. Farrell, for failure to tender taxes and improvements, and for failure to make affidavit of tender, be, and the same is hereby sustained and the intervention herein is dismissed.'' From this decree is this appeal.

Appellee in his brief states the issue to be decided as follows: ''This brings us down to the only question presented in this case. Does the failure to file an affidavit as required by § 4663 of Pope's Digest mean what it says? If so, then the court was right in granting said motion and dismissing said cause of action.''

There is some controversy concerning the bill of exceptions and the time of the filing of a supplement thereto, which question we regard as unimportant for the reason that the alleged error in the decree of the court is apparent upon the face of the record and no bill of exceptions is required to present it.

Clearly, the motion to which appellant refers was his motion filed October 28, 1940, and is based upon the requirements of § 4663 of Pope's Digest which provides for

the tender for improvements, taxes and an affidavit of tender. Section 4663 has no application here. The intervention which appellant filed is not a possessory action such as is contemplated under § 4663, *supra,* but is an action to invalidate a tax sale and cancel the deed from the state of Arkansas to appellant. Appellant's intervention is brought under the provisions of § 6 of Act 119 of the Acts of 1935, (§ 8719, Pope's Digest), under the terms of which he was required to "tender to the clerk of the court the amount of taxes, penalty and costs for which the land was forfeited to the state, plus the amount which would have accrued as taxes thereon had the land remained on the tax books at the valuation at which it was assessed immediately prior to the forfeiture; provided, that there shall be credited on the amount due, any taxes that may have been paid on the land after it was forfeited to the state."

Appellant alleges in his intervention that the required tender was made. He was not required to file an affidavit of tender. In the recent case of *Reynolds* v. *Plants,* 196 Ark. 116, 116 S. W. 2d 350, this court, quoting from *Lea* v. *Lewis,* 189 Ark. 307, 72 S. W. 2d 525, said: "Since this is not a suit for recovery of land nor the possession thereof, the affidavit provided for in § 3708, Crawford & Moses' Digest (§ 4663, Pope's Digest) was not required, and the court erred in sustaining the demurrer and dismissing the complaint." In the case last cited, the court further said: "Of course, the original owner is required to tender and pay the taxes, but he is not required to file an affidavit of tender." By reference to § 4663, Pope's Digest, it will be seen that the section was intended to apply only in cases for the recovery of lands or for the possession thereof.

We think, therefore, on the record here, the trial court erred in dismissing appellant's intervention. However, appellee, the purchaser at the alleged void tax sale, would be entitled to recover for the value of improvements when appellant attempts to take possession of the land should the invalidity of the tax sale be first established. As was said in the *Plants* case, *supra,* "however, this does not mean that a purchaser at tax sale or one

whose title depends upon a void tax deed is not entitled to recover for taxes and the value of improvements, the tender of which is required in actions for the recovery of land or the possession thereof by the above section. For, in every instance, regardless of whether the tax sale is void and regardless of the purchaser's lack of belief in his title, he is entitled to recover such taxes and value of improvements as a condition upon which a writ of possession will issue.''

Appellant, in his intervention, attacks the validity of the tax sale on twenty-five different grounds, some of which, if true, are sufficient to void the sale. Appellee, in addition to his motion to dismiss the intervention, filed an answer in which he denied generally the allegations set up in appellant's intervention, and alleged that he paid the state for the 80 acres involved here a total of $81 for his deed. In these circumstances, appellant was not required to tender to appellee the purchase price of the land. In the recent case of *Luebke* v. *Holtzendorff*, 203 Ark. 141, 162 S. W. 2d 899, this court said: ''It was the sale for the 1933 taxes which the State sought to confirm under Act 119, *supra*, and in the intervention appellee tendered the taxes for which the land sold and those which would have accrued thereon had the land remained on the tax books at the valuation at which it was assessed immediately prior to the forfeiture as required by § 6 of Act 119. * * * This is not a possessory action. Appellee is seeking to effect the redemption authorized by § 6 of Act 119, and to effect that purpose has made the tender which that Act required. * * * We dispose of the present litigation when we hold, as we do, that Stock's vendees have the right, under § 6 of Act 119, to defeat the confirmation of the 1933 tax sale by showing the invalidity of that sale and by making the tender which that Act requires, and which has been done. * * * The $120 paid the state by appellant for its deed had no relation to the taxes due thereon, and did not profess to have. It was an arbitrary price fixed by law for the sale of land which had forfeited to the state. The state sold only this title, and its vendee bought with knowledge of the fact that his deed might be attacked, as many of

such deeds have been, and that he would not acquire the title under its deed if it were shown, before the title had ripened through possession or otherwise, that the sale upon which the State's title was based was invalid. Being apprised of this fact, the General Assembly has made provision for this contingency. See Act. 226 of 1941, p. 552. . . . The Act 337 referred to in Act 226, just quoted, is an Act in which § 1 thereof provides that 'The Commissioner of State Lands is hereby authorized and empowered to make refunds of amounts received by the state for tax forfeited lands where title to such lands has failed'.''

The decree is reversed and the cause remanded with directions for further proceedings consistent with this opinion.