ROBINETTE *v.* DAY.

4-7911                                    194 S. W. 2d 878

Opinion delivered June 3, 1946.

182

*C. A. Holland,* for appellant.

*George F. Hartje,* for appellee.

GRIFFIN SMITH, Chief Justice. J. H. Robinette sued Clarence Day and J. E. Loveless April 13, 1945, claiming to be the owner of forty acres described in the complaint. They asked that deeds of the defendant be canceled. Robinette answered that he "Had had and [was] entitled to possession . . . from June 13, 1932, and has paid taxes on said land, or had the only right to pay same," etc.

In the decree there were findings that Robinette purchased at the collector's sale in June, 1932, for nonpayment of 1931 state and county taxes, but the sale was void for want of power.

It was then stated that the Federal Land Bank of St. Louis was given a valid mortgage on the property in 1924. Default in the secured debt having occurred, there was foreclosure November 25, 1936. A commissioner's deed was issued to the Bank (purchaser) March 22, 1937. Through various conveyances the land again came to appellees (defendants below, whose chain of title antedates the tax sale) January 20, 1943.

An express finding is that Robinette had never been in actual possession of any part of the property. It also appears from the decree that within the time allowed

for redemption, Robinette transferred his certificate of purchase, and subsequently he did not pay any taxes or make improvements.

Appellant's first purpose is to have us strike transcript pages 29 to 70, on the ground that the matter is irrelevant. If the content is irrelevant, no harm can be done by overruling the motion: but, as a matter of fact, the parties stipulated that each should have the right to file copies of any deeds "or other documentary evidence showing the chain of title. . . ." In the absence of more restrictive language in the agreement, we think the litigants were at liberty to introduce such records as might reasonably bear upon the controversy; hence the contention that pages 29 to 70 should be disregarded must be determined against appellant.

The second point argued as error is the Court's failure to require appellees to comply with § 4663 of Pope's Digest by filing an affidavit that they had tendered reimbursement of taxes and the value of improvements. Robinette testified that he transferred his tax certificate to Mrs. C. A. Watkins, and the Clerk's deed was made to her. Mrs. Watkins sold to appellant's sister, Mrs. G. W. Adkisson, and appellant then paid $200 for a deed from his sister and notified Loveless to vacate. This notice was served by the Sheriff July 6, 1943.

Evidence preponderates in favor of the Chancellor's finding that neither Robinette nor his predecessors in title had been in actual possession, nor had improvements of any kind been made. The land was used for pasturage; and, while there is some conflict in the testimony regarding fences, appellees insisted it was enclosed. If appellant's cattle used the area, this—according to appellees' version—occurred when fencing was down. When appellant gave notice, it was ignored; for, say appellees, they were in possession, and were not being materially inconvenienced.

Attention is called to *Reynolds* v. *Plants*, 196 Ark. 116, 116 S. W. 2d 350, and *Farrell* v. *Sanders*, 204 Ark. 1068, 166 S. W. 2d 889. The Reynolds opinion was cited

in the Farrell-Sanders decision. Treating the two cases as decisive of the same legal principle, appellant says our holding was that "In any event the tender [of taxes paid and value of improvements] must be made and cannot be avoided."

We think the holdings have been misconstrued. In *Reynolds* v. *Plants* a general demurrer was filed, and later a motion to dismiss. Mr. Justice Donham, who wrote the Court's opinion, said it was not clear whether the order of dismissal was based upon action of the Court in sustaining the demurrer or in granting the motion. (p. 118). He then said that ". . . if the trial court sustained the motion to dismiss for failure to file the affidavit of tender of taxes and value of improvements, [it] was in error"; and in *Lea* v. *Lewis*, 189 Ark. 307, 72 S. W. 2d 525, Mr. Justice MEHAFFY, speaking for the Court, said: "Since this is not a suit for the recovery of land nor the possession thereof, the affidavit provided. for [by § 4663 of Pope's Digest] was not required." *Farrell* v. *Sanders* expressly declares that the Digest section in question ". . . was intended to apply only in cases for the recovery of lands or for the possession thereof." (Where the action is for possession, see *Chronister* v. *Skidmore*, 198 Ark. 261, 129 S. W. 2d 608, and similar decisions.)

Testimony is not substantially abstracted. In consequence we are unable to determine some of the questions discussed.

The sale was not confirmed. Appellant thinks he is protected by Act 142 of 1935. However, it is not disputed, that the delinquent sale was held in 1932, and that Robinette, after assigning the certificate of purchase to Mrs. Watkins, dealt with his sister, (Mrs. Adkisson) who on January 6, 1936, acquired the interest now sought to be quieted, through quitclaim deed executed by C. S. Watkins.[1] But Mrs. Watkins presented her certificate to the

---

[1] Although references are to Mrs. Watkins, the quitclaim deed is signed by Mrs. C. S. Watkins and C. S. Watkins; but Mrs. Watkins executes relinquishment of dower and homestead.

Clerk March 5, 1935, and that officer's deed bears such date.[2] Act 142 was repealed by Act 264 .of 1937.

We are not able to determine from the abstract what issues were presented the Chancellor relating to appellee's contention that the tax sale of 1932 was void. It appears from the evidence of Mrs. Jewell Crow, Deputy County Clerk, that the Clerk did not issue his warrant authorizing the Collector to collect taxes in 1932.

An early case dealing with Act 142 was *Carle* v. *Gehl*, 193 Ark. 1061, 104 S. W. 2d 445. It was held that certain statutory fundamentals mentioned in Act 142 could not be dispensed with, though the General Assembly had power to say a sale should not be set aside because of irregularities or informalities of a character the legislative body could say were immaterial if it elected to. The result was a decision based upon the proposition that where certain requirements were enumerated, and all informalities and irregularities were sought to be dismissed, inclusion of enumerated matters amounted to exclusion of others that litigants set up, if constitutional power to dispense with the procedural steps existed. But in *Deaner* v. *Gwaltney*, 194 Ark. 332, 108 S. W. 2d 600, it was expressly held that issuance of the Clerk's warrant was a formality, and failure to do so was an irregularity cured by Act 142. This, however, does not mean that the sale of 1932 relied upon in the appeal before us was impervious to attack. We do not know what the proof disclosed—this because it was not fully abstracted. The complaint alleges that the sale was not advertised according to law. Mrs. Crow's testimony (which did not deal with publication) was objected to by Robinette's attorney, but on grounds other than that the records were primary, and the best evidence rule was being violated. The objection was not sufficient. If it had gone to the exact point, no doubt the Court would have required production of the books.

---

[2] In the body of the deed to Mrs. Watkins it is recited that ". . . the said J. H. Robinette did on the 15th day of March, 1935, duly assign the certificate of the sale of the property aforesaid." This is obviously an error, because the deed is dated March 5th, it was acknowledged before the Circuit Clerk March 5th, and it was filed for record March 15th.

Robinette testified he was indebted to Mrs. Watkins, and that in selling her the certificate he was fully compensated. Mrs. Watkins did not warrant the title to Mrs. Adkisson, and Mrs. Adkisson is not a party to this suit.

The attempted purchase by Robinette occurred two years, nine months, and seven days before Act 142 was approved. The Clerk's deed was issued fifteen days before there was such a law. Appellant's argument, predicated upon *Waldon* v. *Holland*, 206 Ark. 401, 175 S. W. 2d 570, is not decisive of the issue. On the contrary that case is pertinent to emphasize Chief Justice McCULLOCH's opinion in *Smith* v. *Spillman*, 135 Ark. 279, 205 S. W. 107, 1 A. L. R. 136 (cited in the Waldon-Holland case) to the effect that "The law as it existed at the time of the sale controlled the rights of the parties, and . . . . the Legislature could not thereafter change it so as to affect existing rights."

Since Act No. 142 was not in effect when either the certificate to Robinette or the deed to Mrs. Watkins was executed; since a preponderance of the testimony shows there were no improvements, and that Robinette received value for his purchase—this by his own admission;— since the record has not been sufficiently abstracted to show why the Court was in error in determining that the sale of 1932 was void, and since possession was not the immediate issue, appellant's contentions must fail. The decree is affirmed.